IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE: EMPLOYMENT DISCRIMINATION )
LITIGATION AGAINST THE STATE OF )
ALABAMA, et al.: )
)
EUGENE CRUM, JR., et al., )
)
    Plaintiffs, )
)
v. ) CIVIL ACTION NO.:
) CV-94-T-356-N
STATE OF ALABAMA, et al., )
)
    Defendants. )
) 2:07-cv-293-MHT
PAMELA RAMOS, )
)
    Plaintiff-Intervenor, )
)
v. )
STATE OF ALABAMA, GOVERNOR FOB )
JAMES, STATE OF ALABAMA PERSONNEL )
BOARD, STATE OF ALABAMA PERSONNEL )
DEPARTMENT, STATE OF ALABAMA )
DEPARTMENT OF EXAMINERS OF )
PUBLIC ACCOUNTANTS AND DR. HALYCON )
VANCE BALLARD, )
)
    Defendants. )

## MOTION TO INTERVENE

**COMES NOW** the applicant, Pamela Ramos, pursuant to Rule 24(b) of the Federal Rules of Civil Procedure, and applies to this Court for permission to intervene as a party

1

plaintiff in the above-entitled cause. As grounds for this Motion, applicant would show unto the Court as follows:

1. This Motion is timely based upon the following factors:

   (a) <u>Length of Time Applicant Has Known Of her Interest</u>. The plaintiff-intervenor has been waiting for the issuance of her right-to-sue letter from the EEOC and Justice Department before seeking intervention into this case. Plaintiff-intervenor has filed this motion within 90 days of the issuance of her right-to-sue letter. Based on these facts, it should be held that there has been no undue delay on the part of the applicant in seeking intervention into this lawsuit.

   (b) <u>Prejudice to Parties from Failure to Move Sooner</u>. The parties will not be unduly prejudiced by the intervention sought herein.

   (c) <u>Prejudice to Applicant if Intervention Denied</u>. Applicant will be unduly prejudiced by the necessity of maintaining an individual, separate lawsuit involving complex issues and costly experts, which will be duplicative of the present case.

   (d) <u>Unusual Circumstances</u>. The circumstances of the case militate in favor of intervention as it will prevent duplicative and expensive discovery and the retrial of identical issues.

2. A copy of this Motion is being served upon all parties through their respective counsel.

3. The applicant's claims and the claims of the named plaintiffs, plaintiff-intervenor and plaintiff class in the case at bar involve common questions of law and fact.

4. This Motion is accompanied by applicant's complaint-in-intervention, which is attached hereto.

5. Intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

**WHEREFORE,** Premises Considered, applicant respectfully moves this Court to permit

2

her intervention into the instant legal action as a party plaintiff.

                Respectfully submitted,

                _____
                Rocco Calamusa, Jr.
                Counsel for the Plaintiff-Intervenor
                and Plaintiff Class

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL 35203
(205) 328-0640

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing has been served, either by hand delivery or by placing same in the United States Mail, properly addressed and first class postage prepaid, on this the 28th day of Feburary, 1996 on the following:

Richard H. Walston, Esquire
Haskell, Slaughter, Young
 & Johnston
1200 AmSouth/Harbert Plaza
1901 6th Avenue North
Birmingham, AL 35203

Thomas T. Gallion III, Esquire
Haskell, Slaughter, Young,
 Johnston & Gallion
P.O. Box 4660
Montgomery, AL 36103

William F. Gardner, Esquire
R. Taylor Abbot, Jr., Esquire
Cabaniss, Johnston, Gardner,
 Dumas & O'Neal
700 Park Place Tower
Birmingham, AL 35203

Patrick H. Sims, Esquire
Cabaniss, Johnston, Gardner,
　Dumas & O'Neal
700 AmSouth Center
P.O. Box 2906
Mobile, AL 36652

William A. Shashy, Esquire
Sasser & Littleton, P.C.
P.O. box 388
Montgomery, AL 36101-0388

William H. Pryor, Esquire
Deputy Attorney General
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL 36130

Henry C. Barnett, Esquire
Christopher W. Weller, Esquire
Capell, Howard, Knabe & Cobbs, P.A.
57 Adams Avenue
P.O. Box 2069
Montgomery, AL 36102-2069

John J. Coleman III, Esquire
Edward S. Allen, Esquire
T. Dwight Sloan III, Esquire
Balch & Bingham
P.O. Box 306
Birmingham, AL 35201

Robin G. Laurie, Esquire
Balch & Bingham
P. O. Box 78
Montgomery, AL 36101

Roger L. Bates, Esquire
Hand, Arendall, Bedsole,
　Greaves & Johnson
900 Park Place Tower
2001 Park Place North
Birmingham, AL 35203

4

William J. Huntley, Jr., Esquire
Huntley & Associates, P.C.
P.O. Box 370
Mobile, Alabama 36601

Honorable Mary E. Pilcher
Webb & Eley, P.C.
P. O. Box 238
Montgomery, AL 36101

Honorable Mary E. Culberson
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

R. Frank Ussery, Esquire
General Counsel, Alabama State
 Personnel Department
3rd Floor, Suite 327-A
64 North Union Street
Montgomery, AL 36103

Honorable Gwendolyn B. Garner
John J. Breckenridge, Jr., Esquire
Counsel, Alabama Department of Revenue
50 North Ripley Street, Room 4116
Montgomery, AL 36130

William T. Stephens, Esquire
General Counsel, Retirement Systems
 of Alabama
135 South Union Street
Montgomery, AL 36130-4104

John R. Wible, Esquire
General Counsel, Alabama Department
 of Public Health
434 Monroe Street
Montgomery, AL 36130

Andrew W. Redd, Esquire
General Counsel, Alabama Department
 of Corrections
3rd Floor, S. Gordon Persons Building
50 North Ripley Street
Montgomery, AL 36130

R. Marcus Givhan, Esquire
Counsel, Alabama Commission
 on Physical Fitness
Office of the Attorney General
5720 Carmichael Road
Montgomery, AL 36117

Honorable Sharon E. Ficquette
Honorable Margaret L. Fleming
Counsel, Alabama Department
 of Human Resources
Office of the Attorney General
S. Gordon Persons Building, Room 2122
50 Ripley Street
Montgomery, AL 36130

Jim R. Ippilito, Jr., Esquire
General Counsel, Alabama Department
 of Education
S. Gordon Persons Building, Room 5103
50 North Ripley Street
Montgomery, AL 36130

David J. Dean, Esquire
General Counsel, Alabama Department
 of Conservation
64 North Union Street, Room 751
Montgomery AL 36130

Honorable Gilda B. Williams
Counsel, Commission on Aging
Office of the Attorney General
11 South Union Street
Montgomery, AL 36130

6

Edward E. Davis, Esquire
Counsel, Alabama Department
 of Economics & Community Affairs
401 Adams Avenue
P.O. Box 5690
Montgomery, AL  36103

Honorable Renee D. Culverhouse
Counsel, Alabama Industrial Development
 Training Agency
401 Adams Avenue, Suite 710
Montgomery, AL  36104

Honorable Angela C. Turner
Counsel, Alabama Department of Labor
Office of the Attorney General
Alabama State House
11 South Union Street
Montgomery, AL  36130

Gary R. Trawick, Esquire
Milton J. Westry, Esquire
Counsel, Alabama Department
 of Mental Health
P.O. Box 3710
Montgomery, AL  36109

William O. Butler III, Esquire
General Counsel, Alabama Medicaid Agency
501 Dexter Avenue
P.O. Box 5624
Montgomery, AL  36103-5624

Frank D. Marsh, Esquire
General Counsel, Alabama Department
 of Industrial Relations
649 Monroe Street, Room 211
Montgomery, AL  36130

Honorable Mary Beth Martin
U.S. Department of Justice
Civil Rights Division
Employment Litigation
P.O. Box 65968
Washington, DC 20035

_____
Of Counsel

F:\LIT\CRUM\MISC\CERTSERV.ENV

## IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| IN RE: EMPLOYMENT DISCRIMINATION LITIGATION AGAINST THE STATE OF ALABAMA, et al.: ) ) ) ) | |
| EUGENE CRUM, JR., et al., ) ) | |
| Plaintiffs, ) ) | |
| v.  ) ) | CIVIL ACTION NO.: CV-94-T-356-N |
| STATE OF ALABAMA, et al., ) ) | |
| Defendants. ) ) ) | |
| PAMELA RAMOS, ) ) | |
| Plaintiff-Intervenor, ) ) | |
| v. STATE OF ALABAMA, GOVERNOR FOB JAMES, STATE OF ALABAMA PERSONNEL BOARD, STATE OF ALABAMA PERSONNEL DEPARTMENT, STATE OF ALABAMA DEPARTMENT OF EXAMINERS OF PUBLIC ACCOUNTANTS, AND DR. HALYCON VANCE BALLARD, ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

**COMPLAINT-IN-INTERVENTION**

I. **JURISDICTION:**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991," 42 U.S.C. § 1981, and 42 U.S.C. § 1983. The jurisdiction of this

1

Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e et seq., 42 U.S.C. §§ 1981 and 1983, and the "Civil Rights Act of 1991" providing for injunctive and other relief against race discrimination. The plaintiff-intervenor and the class she seeks to represent only seek equitable relief by this suit and do not seek damages under the Civil Rights Act of 1991 or 42 U.S.C. §§ 1981 or 1983.

2. The Plaintiff-intervenor has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e, et. seq., the "Civil Rights Act of 1991," 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Plaintiff-intervenor filed her charges of race discrimination with the EEOC within 180 days of the occurrence of the last discriminatory act and timely filed her race discrimination claims within 90 days of the receipt of her right-to-sue letter from the EEOC. In addition, she is relying on her own EEOC charge and those of the other plaintiffs and plaintiff-intervenors.

II. **PARTIES**:

3. Plaintiff-Intervenor, Pamela Ramos, is a black citizen of the United States and a resident of the State of Alabama. Ms. Ramos is employed by the defendant, State of Alabama, and its defendant agencies in the State of Alabama.

4. The plaintiff-intervenor brings this action on her own behalf and on behalf of all other black persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

2

The class which the plaintiff-intervenor seeks to represent is composed of black persons who are employed, have been employed, or who may in the future be employed by the defendants. There are common questions of law and fact affecting the rights of the members of the class who are, and continue to be limited, classified and discriminated against in ways which deprive or tend to deprive them of equal terms, conditions, or privileges of employment. These persons are so numerous that joinder of all members is impractical. A common relief is sought. The interests of said class are adequately represented by the plaintiff-intervenors. Defendants have acted or refused to act on grounds generally applicable to the class.

5. Defendant, State of Alabama, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

6. Defendant, State of Alabama Personnel Board is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

7. Defendant, State of Alabama Personnel Department, is an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. §2000e et

seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§1981 and 1983. The defendant employs at least fifteen (15) persons.

8. Defendant, Halycon Vance Ballard, as the Director of the Personnel Department, State of Alabama, is named individually and in her official capacity and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983.

9. Defendant, Fob James, Governor of the State of Alabama, in his official capacity, is the Chief Executive Officer of the State of Alabama and has the ultimate authority over the operations and policies of all of the defendants and as such is subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983.

10. Defendant, Alabama Department of Examiners of Public Accounts, is an agency of the State of Alabama and an entity subject to suit under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," and 42 U.S.C. §§ 1981 and 1983. The defendant employs at least fifteen (15) persons.

III. **CAUSES OF ACTION:**

11. The plaintiff-intervenor and the class she seeks to represent re-alleges and incorporates by reference paragraphs 1-10 above with the same force and effect as if fully set out in specific detail hereinbelow.

4

12. The defendants have discriminated against the plaintiff-intervenor and the class she seeks to represent on the basis of race in hiring, rehiring, evaluations, compensation, transfers, job duty assignments, recruitment, screening, selection procedures, denial of promotions, discipline, demotions, rollbacks, sick leave, subjective decision-making practices, and other terms and conditions of employment which have resulted in disparate impact and treatment of the plaintiff-intervenor and the plaintiff class.

13. Plaintiff-Intervenor, Pamela Ramos, has been employed by the defendants, the State of Alabama and its agency, State of Alabama Department of Examiners of Public Accounts, since 1990 in the postition of Accounts Examiner I.  Since 1992, Ramos has continuously sought a promotion to the position of Accounts Examiner II.  Ramos has applied for the position and after being deemed qualified, sat for the written promotional examination and was placed on the register.  Since 1992, Ramos has been certified out by the State Personnel Department and the Department of Examiner of Public Accounts on two occasions in which the defendant's were attempting to fill a total of four vacancies.  Ramos was not interviewed for any of these vacancies but was on both occasions informed by letter that she was considered but not selected, while white employees no more or less qualified than Ramos have been selected.

14. Since 1990, Ramos has also been discriminated against in regards to discipline, evaluations, job assignments, training, and experience, and other terms, conditions and privileges of her

5

employment in her current position of Accounts Examiner I. Such discriminatory denial of job assignments, training, and experience results, in lower scores and rankings on applications for promotions than are received by white Account Examiner Is.

15. The plaintiff-intervenor and the class she seeks to represent are seeking to redress the wrongs alleged herein and this suit for equitable relief, including back-pay, injunctive relief and a declaratory judgment are her only means of securing adequate relief. The plaintiff-intervenor and the class she seek to represent are now suffering and will continue to suffer irreparable injury from the defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

IV. **PRAYER FOR RELIEF**:

**WHEREFORE,** the plaintiff-intervenor and the class she seeks to represent respectfully pray that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are violative of the rights of the plaintiff-intervenor and the plaintiff class as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq., the "Civil Rights Act of 1991," 42 U.S.C. §§ 1981 and 1983.

2. Grant the plaintiff-intervenor and the plaintiff class a permanent injunction enjoining the defendants, their agents, successors, employees, attorneys and those acting in concert with

6

the defendants and at the defendants' request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e *et seq.*, the "Civil Rights Act of 1991," 42 U.S.C. § 1981, and 42 U.S.C. § 1983.

3.  Enter an Order requiring the defendant to make the plaintiff-intervenor and the plaintiff class whole by awarding them the position(s) they would have occupied in the absence of race discrimination, back-pay (plus interest), declaratory and injunctive relief, lost seniority, lost benefits and lost pension benefits.

4.  Grant the plaintiff-intervenor and the plaintiff class such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorney's fees and expenses.

                                        Respectfully submitted,

                                        /s/ Rocco Calamusa, Jr
                                        Rocco Calamusa, Jr
                                        Counsel for the Plaintiff-Intervenor
                                        and Plaintiff Class

OF COUNSEL:

GORDON, SILBERMAN, WIGGINS & CHILDS, P.C.
1400 SouthTrust Tower
Birmingham, AL  35203
(205) 328-0640

7

**Defendants' Addresses**

State of Alabama
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL  36130

Governor Fob James
c/o Office of Attorney General
Room 303, 11 South Union Street
Montgomery, AL  36130

State of Alabama Personnel Board
c/o State Personnel Department
Third Floor, Suite 327-A
64 North Union Street
Montgomery, AL  36103

State Personnel Department
Third Floor, Suite 327-A
64 North Union Street
Montgomery, AL  36103

State of Alabama Department of Examiners
of Public Accountants
50 North Ripley Street
Suite 3201
Montgomery, AL  36103-2251

Halycon Vance Ballard
c/o State Personnel Department
Third Floor, Suite 327-A
64 North Union Street
Montgomery, AL  36103